# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN - AMENDED
## AND RELATED MOTIONS

Name of Debtor(s): **Mark Hunter Demartinis**  Case No: **09-11595**

This plan, dated **November 17, 2009**, is:

- ☐ the *first* Chapter 13 plan filed in this case.
- ■ a modified plan, which replaces the plan dated **September 1, 2009**.

  Date and Time of <u>Modified Plan</u> Confirming Hearing:
  **January 13, 2010, 1:30 p.m.**
  Place of <u>Modified Plan</u> Confirmation Hearing:
  **Judge Mitchell's Courtroom, U.S. Bankruptcy Court, 2nd Floor, 200 S. Washington St., Ctrm I, Alexandria, VA 22314**

  The plan provisions modified by this filing are:
  **3 & 4**

  Creditors affected by this modification are:
  **all unsecured creditors**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$13,406.53**
Total Non-Priority Unsecured Debt: **$119,526.19**
Total Priority Debt: **$2,215.19**
Total Secured Debt: **$9,160.00**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037  Best Case Bankruptcy

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$387.23 Bi-weekly for 36 months**. Other payments to the Trustee are as follows:   **NONE**   . The total amount to be paid into the plan is $   **30,204.00**   .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

        1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
        2. Debtor(s)' attorney will be paid $   **0.00**   balance due of the total fee of $   **3,100.00**   concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **GMAC** | **Taxes and certain other debts** | 1,622.00 | Prorata 3 months |
| **Internal Revenue Service** | **Taxes and certain other debts** | 593.19 | Prorata 3 months |

3. **Secured Creditors and Motions to Value Collateral.**

    This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtors(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

    A. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est Claim Amt | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

    B. **Claims to Which §506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| **County of Prince William, VA** | **2007 Honda VTX 1300C Motorcycle** | **10/6/2008** | **9,160.00** | **0%** | Prorata 20 months |
| | **2007 ATV Honda Rancher** | | | | |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| **Honda Card-GEMB** | **2007 Honda VTX 1300C Motorcycle** | **Opened 12/01/05** | **9,160.00** | **0%** | **Prorata 20 months** |
| | 2007 ATV Honda Rancher | | | | |

**\*\* THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

    C.    **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|
| **HSBC/MS** | **Home Equity Loan** | 52,365.88 | Y |
| **Saxon Mortgage Sercive** | **Conventional Real Estate Mortgage** | 1.00 | Y |
| **Washington Mutual / Providian** | **Credit Card** | 11,406.19 | Y |

**4.    Unsecured Claims.**

    A.    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __**21**__ %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately __**0**__ %.

    B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.    Long Term Debts and claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

    A.    **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    B.    **Trustee to pay the contract payments and the arrearages.** The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

Page 3

**6.** **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **Archstone Apartments** | Apartment lease, one year lease expires 9-1-09. |
| **Credit Solutions of America** | Payment plan with Credit Solutions, 24 payments of $477.71. |

    **B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.** **Motions to Avoid Liens.**

    **A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis and Amount | Value of Collateral |
|---|---|---|---|
| **-NONE-** | | | |

    **B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for informational purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**8.** **Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

**10.** **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

**11.** **Other provisions of this plan:**

| Creditor | Adequate Protection Payment |
|---|---|
| **-NONE-** | |

**Signatures:**

**Dated:** **November 17, 2009**

**/s/ Mark Hunter Demartinis**  
**Mark Hunter Demartinis**  
**Debtor**

**/s/ Thomas M. Dunlap**  
**Thomas M. Dunlap 44016**  
**Debtor's Attorney**

**Exhibits:** Copy of Debtor(s)' Budget (Schedules I and J);  
Matrix of Parties Served with plan

Certificate of Service

I certify that on **November 17, 2009**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Thomas M. Dunlap**  
**Thomas M. Dunlap 44016**  
Signature

**199 Liberty St, SW**  
**Leesburg, VA 20175-2715**  
Address

**703-777-7319**  
Telephone No.

Ver. 06/28/06 [effective 09/01/06]

Page 5

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of Virginia

In re **Mark Hunter Demartinis**  
Debtor(s)

Case No. **09-11595**  
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**County of Prince William, VA**
**Tax Administration Division**
**Dept 871**
**Alexandria, VA 22334-0871**
*Name of creditor*

**2007 Honda VTX 1300C Motorcycle**

**2007 ATV Honda Rancher**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **January 3, 2010** |
| Date and time of confirmation hearing: | **January 13, 2010, 1:30 p.m.** |
| Place of confirmation hearing: | **Judge Mitchell's Courtroom, U.S. Bankruptcy Court, 2nd Floor, 200 S. Washington St., Ctrm I, Alexandria, VA 22314** |

**Mark Hunter Demartinis**
*Name(s) of debtor(s)*

By: **/s/ Thomas M. Dunlap**
**Thomas M. Dunlap 44016**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Thomas M. Dunlap 44016**
*Name of attorney for debtor(s)*
**199 Liberty St, SW**
**Leesburg, VA 20175-2715**
*Address of attorney [or pro se debtor]*

Tel. # **703-777-7319**
Fax # **703-777-3656**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

- ■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

- ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this **November 17, 2009**.

**/s/ Thomas M. Dunlap**
**Thomas M. Dunlap 44016**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

## United States Bankruptcy Court
**Eastern District of Virginia**

In re **Mark Hunter Demartinis**     Case No. **09-11595**
Debtor(s)     Chapter **13**

### SPECIAL NOTICE TO SECURED CREDITOR

To: **Gemb/American Honda**
**PO Box 981439**
**El Paso, TX 79998**
*Name of creditor*

*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■    To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **January 3, 2010** |
| Date and time of confirmation hearing: | **January 13, 2010, 1:30 p.m.** |
| Place of confirmation hearing: | **Judge Mitchell's Courtroom, U.S. Bankruptcy Court, 2nd Floor, 200 S. Washington St., Ctrm I, Alexandria, VA 22314** |

           **Mark Hunter Demartinis**
           *Name(s) of debtor(s)*

By:    **/s/ Thomas M. Dunlap**
      **Thomas M. Dunlap 44016**
      *Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Thomas M. Dunlap 44016**
*Name of attorney for debtor(s)*
**199 Liberty St, SW**
**Leesburg, VA 20175-2715**
*Address of attorney [or pro se debtor]*

Tel. #   **703-777-7319**
Fax #   **703-777-3656**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

- ■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

- ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this **November 17, 2009**.

**/s/ Thomas M. Dunlap**
**Thomas M. Dunlap 44016**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
**Eastern District of Virginia**

In re **Mark Hunter Demartinis**      Case No. **09-11595**
           Debtor(s)      Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Honda Card- GEMB**
**PO BOX 981127**
**El Paso, TX 79998**
*Name of creditor*

**2007 Honda VTX 1300C Motorcycle**

**2007 ATV Honda Rancher**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **January 3, 2010** |
| Date and time of confirmation hearing: | **January 13, 2010, 1:30 p.m.** |
| Place of confirmation hearing: | **Judge Mitchell's Courtroom, U.S. Bankruptcy Court, 2nd Floor, 200 S. Washington St., Ctrm I, Alexandria, VA 22314** |

**Mark Hunter Demartinis**
*Name(s) of debtor(s)*

By: **/s/ Thomas M. Dunlap**
**Thomas M. Dunlap 44016**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Thomas M. Dunlap 44016**
*Name of attorney for debtor(s)*
**199 Liberty St, SW**
**Leesburg, VA 20175-2715**
*Address of attorney [or pro se debtor]*

Tel. # **703-777-7319**
Fax # **703-777-3656**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

- ■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

- ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this **November 17, 2009**.

**/s/ Thomas M. Dunlap**
**Thomas M. Dunlap 44016**
*Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]